> The court compelled a testamentary trustee to account as executor. In order to answer the charges made against him, he procured pieces of real estate subject to taxes and incumbrances to be conveyed to him by various parties, and was unable to show that he had in his possession the moneys with which he was charged. *Held*, that he would be removed from his trust, as would also a cotrustee, who consented to his acts, though he did not share in them.

In the matter of the estate of Peter Mallon.　Motion to remove testamentary trustees and revoke the letters testamentary granted to them.　Motion granted.

Michael F. McGoldrick, for petitioner.

Frank E. O'Reilly, for Daniel Ferry, executor.

C. Walter Artz, for James Howard, executor.

CHURCH, S.　The testamentary trustees herein have made a compulsory accounting in pursuance of proceedings to compel them to do so.　The present motion is made to remove them as trustees, and to revoke the letters testamentary heretofore granted to them herein, on the ground that they have violated their duties as such trustees; the moving party contending that such facts are mainly shown by the facts which appear on the face of the accounts which have been so made by such trustees.　To warrant the granting of an application of this kind, the proof must be very clear, as, if there is any doubt in the matter whatever, the matter should be held in reservation until the conclusion of the examination of the accounts which have been made by the trustees.　An examination of the accounts which have been filed by the trustees, and also the uncontradicted facts appertaining to the matter, make out clearly such a case of official misconduct as to warrant the prompt removal of the guilty parties.　It appears that the executor Daniel Ferry has had the entire management and control of this estate; the other executor, Howard, having assumed that whatever Mr. Ferry did in connection with the transaction was proper.　In the account filed by the executor Ferry (Schedule F 1) is contained a statement, which purports to show investments made by the executors in the purchase of certain pieces of real estate. By the affidavit and abstract annexed to the petition it appears that all of these conveyances were made to the executors herein since the commencement of these proceedings, and that the grantors in each of said deeds are the relatives, agents, and employés of the executors and trustees; that the property was conveyed to the executors subject to mortgages, unpaid interest thereon, and unpaid taxes.　It is further alleged that such deeds so made to the executors were not the subject of legitimate investment by the executors, nor was there any purchase of said property by the executors from the grantors named therein, but that in fact the said executor Daniel Ferry, having misappropriated or being chargeable with a large amount of money,

procured such deeds to be made to himself and his coexecutor, arbitrarily fixing the equities in such deeds so as to equal the amount of the deficiency arising from his mismanagement of the estate. The abstract of the title bears out the statement that these properties were conveyed since this proceeding was started, and also shows the fact that there are mortgages on each of these properties, and that the interest and taxes in many instances are unpaid; and the allegations in the petition in respect to these conveyances being made from relatives, agents, and employés are not denied. There is only one inference to be drawn from these facts, namely, that when this executor, Ferry, was compelled by an order of this court to make his accounts, he was unable to show that he had in his possession the moneys with which he was properly chargeable, and therefore, in order to make an attempt at answering the same, he hastily procured these pieces of real estate to be conveyed to himself and his coexecutor, so as to make up the deficiency, under the pretense that these purchases were investments. This belated attempt to make good the wrongdoing committed by an executor cannot be pleaded in extenuation of the fact that he has been false to his trust, and he should, therefore, be removed at once, so that some competent and responsible party may take charge of this estate which has been so grievously mismanaged. The other executor, Howard, claims that he should not be removed, because he was not a party to the misconduct of the executor Ferry, and that any action of the court as to him should be deferred until the final adjustment of the accounts. It appears here that this executor was deceived by believing that Ferry was honest, into leaving the entire management of the estate in his hands, and that he has been guilty of no improper act, nor has he in any way been guilty of bad faith. An executor must not only act in good faith, but he must also not be guilty of carelessness or negligence. The position of an executor is one of great trust and confidence, and is a thankless one. The persons accepting it generally do so out of respect to the wishes and from friendship for those who are dead, by whom they have been nominated under the belief that such friendship will prompt them to look after the business interests of those who are left helpless to take care of themselves. Therefore an executor should not be a mere puppet or figurehead. If the burdens of the position are too great, or if he does not wish to assume the responsibility and the duties connected therewith, it is his power and privilege to refuse to serve; but if he once does accept the position it is his duty to give it care and attention, and he should not be permitted to say that he left the entire management of matters to his coexecutor and trustee, and yet, when it is sought to remove him, seek to retain the office because he is innocent of wrongdoing, although guilty of negligence. If this executor, Howard, had compelled the executor Ferry to submit to him, at least annually, his accounts, it would have been impossible for such a condition of affairs as now exists to have been allowed to take place, and it seems to me, therefore, to continue in office this executor would be a further injustice to the estate.

Let a decree be entered herein revoking letters testamentary and removing the testamentary trustees. Decreed accordingly.