(43 Misc. Rep. 569.)

### In re MALLON'S ESTATE.

(Surrogate's Court, Kings County.   May, 1904.)

1. TESTAMENTARY TRUSTEES—DEFAULT—ACCOUNTING.

Where a testamentary trustee allowed his co-trustee at all times to have the active management of the estate, and permitted him to collect assets after having been informed by him that he was a defaulter, he is guilty of a "willful default," within the meaning of a provision in testator's will exempting "every trustee of my will from liability for losses occurring without his own willful default," and on an accounting such trustee will be surcharged with the sum the co-trustee collected and failed to turn over.

Proceedings upon the account of the trustees of the estate of Peter Mallon, deceased.

M. F. McGoldrick, for substituted trustee.

C. Walter Artz, for James Howard.

CHURCH, S.   In this matter the trustees have been removed for misconduct (In re Mallon's Estate, 38 Misc. Rep. 27, 76 N. Y. Supp. 879), and now present their accounts for settlement.   The fact that the trustee Ferry has appropriated in the vicinity of $30,000 stands conceded, and, in view of his insolvency, it is unnecessary to determine the exact amount with which he should be chargeable.   But there remains the question as to whether the co-trustee, Howard, should be chargeable with his misconduct, and the extent of the same.   It appears that Ferry had been the friend and confidential agent of the deceased, and had taken charge of many of his real estate interests, and that after the appointment of the executors Howard permitted Ferry to take entire charge of matters, and only signed the checks and such other formal matters as were necessary to make their acts legal and effective.   It is apparent that, if he had exercised any active diligence and supervision over the acts of Ferry, or made the slightest inquiry as to what was becoming of the large surplus of income each year, this defalcation would not have occurred.   The courts have held that an executor who remains merely passive, and thus permits his coexecutor to deplete the estate, will not, by reason of such inactivity, be charged with the waste so committed.   Bruen v. Gillet, 115 N. Y. 10, 21 N. E. 676, 4 L. R. A. 529, 12 Am. St. Rep. 764.   But in this case it is not necessary to decide whether Howard has been simply passive or not, as the will of the testator contains this provision:   "And I exempt every trustee of my will from liability for losses occurring without his own willful default."   The words "willful default" imply more than negligence or carelessness.   The word "willful" means intentional, while the word "default" means transgression.   Thus it was evidently the intention of the testator to relieve each trustee from everything but his individual intentional transgression.   This construction relieves Howard from the liability of a large part of the deficit.   It appears, however, that on February 17, 1902, Howard went to Ferry's office for the purpose of getting some checks signed to pay interest, and that Ferry admitted to him that he had taken the funds of the estate, and

owed it about $30,000. Yet, notwithstanding that he had this direct notice that Ferry was a defaulter, he signed a contract, and gave Ferry $100, permitted him to collect March rents, amounting to $1,335.75, and some $75 of interest. This seems to be a willful default, within the meaning of the testator's will, and therefore he should be surcharged with the same. This executor was not only reprehensible in this respect, but he acted in a contemptible fashion toward his wards by not giving them a suitable allowance and misrepresenting to them the state of affairs. Why he should have thus acted is a mystery, as it was not for his benefit, and, if he had exercised his care in a proper direction, the trouble which has happened would have been prevented.

The decree should not award any commissions to said trustee, and the expenses of this proceeding should be charged against him personally.

Decreed accordingly.