## In re JUDITH GAP COMMERCIAL CO.

### BILLINGS CREDIT MEN'S ASS'N v. BOGERT.

(Circuit Court of Appeals, Ninth Circuit. April 7, 1924.)

#### No. 4115.

1. **Bankruptcy** ⬡⟶126—**Appointment of trustee must be approved or disapproved before he qualifies.**

   The power of the referee or judge to approve or disapprove the appointment of trustees by the creditors must be exercised before the trustee qualifies.

2. **Bankruptcy** ⬡⟶132—**Court is without jurisdiction to remove trustee without hearing.**

   Where a trustee had qualified and served for more than a year, the court was without jurisdiction to remove it without the notice or hearing required by Bankruptcy Act, § 2 (17), being Comp. St. § 9586.

3. **Bankruptcy** ⬡⟶132—**Court is without inherent power to remove trustee.**

   Where the method of removal of a public officer is prescribed by Constitution or statute, as in case of a trustee in bankruptcy, the mode prescribed is the measure of the power granted, and the doctrine of implied or inherent power cannot be invoked.

Petition for Revision, in Matter of Law, of an Order of the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

In the matter of the Judith Gap Commercial Company, bankrupt. Petition under Bankruptcy Act, § 246 (Comp. St. § 9608), by the Billings Credit Men's Association to revise an order of the District Court. Reversed.

For opinion below, see 291 Fed. 792.

Sterling M. Wood, of Billings, Mont., for petitioner.
Edmund A. Bogert, of Lewiston, Mont., for respondent.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On March 13, 1922, the Judith Gap Commercial Company, a corporation, was adjudicated a bankrupt by the court below. At the first meeting of creditors, thereafter held, before the referee, the petitioner was elected trustee of the bankrupt estate, and duly qualified and entered upon the discharge of its duties, as such. On February 7, 1923, the bankruptcy court made an order directing the trustee to show cause "why (1) its. election as trustee should not be revoked; (2) it should not be removed from its office of trustee." On February 24, 1923, the show cause order was vacated after a hearing. On August 11, 1923, in the matter of the settlement of the accounts of the assignees of the bankrupt, under an assignment made prior to adjudication, the bankruptcy court, without notice or hearing, made a further order annulling the previous order of February 24, vacating the show cause order of February 7, and removing the trustee from office. The latter order is now before us for review, and the jurisdiction of the court below to make the order is the only question with which we are concerned.

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The order is sought to be upheld upon three grounds: First, under the power vested in the referee or judge to disapprove the appointment of trustees by the creditors; second, under the power vested in the court to remove trustees; and, third, under the inherent power vested in the bankruptcy court, as a court of equity.

General Order XIII provides:

"The appointment of a trustee by the creditors shall be subject to be approved or disapproved by the referee or by the judge; and he shall be removable by the judge only."

General Order XVI provides:

"It shall be the duty of the referee, immediately upon the appointment and approval of the trustee, to notify him in person or by mail of his appointment; and the notice shall require the trustee forthwith to notify the referee of his acceptance or rejection of the trust, and shall contain a statement of the penal sum of the trustee's bond."

Section 2 of the Bankruptcy Act (Comp. St. § 9586) provides that courts of bankruptcy are vested with jurisdiction:

"(17) Pursuant to the recommendation of creditors, or when they neglect to recommend the appointment of trustees, appoint trustees, and upon complaints of creditors, remove trustees for cause upon hearings and after notices to them."

[1, 2] The power of the referee or judge to approve or disapprove the appointment of trustees by the creditors must be exercised before the trustee qualifies and enters upon the discharge of his duties. The record before us is silent upon the question whether the appointment of the trustee by the creditors was either approved or disapproved by the referee or judge, but such approval must be presumed from the fact that the trustee was permitted to qualify and enter upon the discharge of its duties. At the time of the attempted removal the trustee had been in the full discharge of its duties as such for more than a year, with the consent and acquiescence of the referee and judge, and it could not be removed from office at that late day by simply disapproving the original appointment by creditors, without notice or hearing. The removal, therefore, must be sustained, if at all, under the provisions of the Bankruptcy Act, or because of the inherent power vested in the court. It cannot be sustained under the Bankruptcy Act, because there was neither notice nor hearing. When the previous show cause order was vacated and annulled by the court, the proceedings for the removal of the trustee terminated, and the court could not at a subsequent term reinvest itself with jurisdiction by simply annulling the vacating order without notice or hearing. Nor in our opinion can the removal be sustained because of any inherent power vested in the court as a court of bankruptcy, or as a court of equity.

[3] Where the method of removal of a public officer is prescribed by Constitution or by statute, the mode prescribed is the measure of the power granted, and where an officer can only be removed for cause after notice and hearing the doctrine of implied or inherent power cannot be invoked. Loveland on Bankruptcy, § 363; Remington on Bankruptcy (2d Ed.) § 941 et. seq.; Black on Bankruptcy, § 296; Branden-

burg on Bankruptcy (4th Ed.) §, 700; Throop on Public Officers, § 364; Mechem on Public Officers, § 454.

For the reasons here stated, the order complained of is void for want of jurisdiction, and must be reversed. It is so ordered.