### In re JUDITH GAP COMMERCIAL CO.

(District Court, D. Montana. August 28, 1924.)

No. 2653.

**1. Bankruptcy ⊕═132—Where trustee, in proceedings for removal, had no countervailing evidence to present, facts constituting probable cause for removal will be found to be true.**

Where an order to a trustee in bankruptcy to show cause why he should not be removed stated that it was based on certain records, files, evidence, and proceedings, from which appeared probable cause for findings as to trustee's wrongdoing, and the trustee had no countervailing evidence to present, held, that the facts constituting probable cause must be found to be true.

**2. Bankruptcy ⊕═132—Discovery of fraud in election and approval of trustee, if too late for disapproval, operates to same end as cause for removal.**

Where fraud in the election and approval of a trustee in bankruptcy related to qualification and eligibility, and discovery thereof was too late for disapproval, it operates to the same end as a cause for removal.

**3. Bankruptcy ⊕═132—Trustee can be removed without complaint of creditors of bankrupt.**

Under Bankruptcy Act, § 2, par. 17 (Comp. St. § 9586), giving a court power to remove trustee in bankruptcy on complaint of creditors, and providing that enumeration of specific powers shall not deprive the court of bankruptcy of any power which it would possess without such enumeration, a court can remove a trustee in bankruptcy without complaint by creditors of the bankrupt.

**4. Courts ⊕═384, 403—District Court cannot ask instruction from Circuit Court of Appeals, though latter can of Supreme Court.**

Preparatory to its decisions, a District Court cannot ask instructions from the Circuit Court of Appeals, though the latter can of the Supreme Court.

**5. Constitutional law ⊕═56—Courts called into being by Congress pursuant to Constitution cannot be deprived of necessary inherent powers.**

When, pursuant to Constitution, Congress calls courts into being, they are constitutional tribunals of certain necessary inherent powers, of which they cannot be deprived by Congress thereafter, or at all.

**6. Bankruptcy ⊕═132—On findings of fraud, court removes trustee without complaint of creditors of bankrupt.**

On findings showing fraud of a trustee in bankruptcy, the court will remove such trustee, without complaint of creditors of bankrupt.

**7. Bankruptcy ⊕═118—Proceedings are in equity, the estate is a trust, and trustee an officer of court.**

Proceedings in bankruptcy are in equity, the estate is a trust, and the trustee an officer of the court.

**8. Trusts ⊕═165—Power to remove unfaithful trustee, and substitute another, inherent in court as guardian of trusts.**

A court is by nature the special guardian of trusts, charged with the duty of just administration, and incidental and necessary to this is the power to remove an unfaithful trustee, and to substitute another and worthy one.

**9. Trusts ⊕═167—Trustee generally may be removed in other than direct proceedings, and in any case on notice and hearing.**

A trustee may generally be removed in other than direct proceedings, and in any case on notice and hearing.

**10. Bankruptcy ⊕═132—Trustee, acting in prejudice to creditors of bankrupt, subject to removal.**

Where a trustee in bankruptcy unjustly endeavored to divert assets of the estate to the benefit of creditors of assignees, to the prejudice of creditors of the bankrupt, concealed its

relation to assignees in procuring its election, made no effort to require assignees to account, but endeavored to account for them and acquit them of liability it was subject to removal from office.

In the Matter of the Judith Gap Commercial Company, bankrupt. On order to trustee to show cause why it should not be removed. Trustee removed.

Sterling M. Wood, of Billings, Mont., for trustee.

BOURQUIN, District Judge. In proceedings in accounting between ostensible assignees for the benefit of creditors of the bankrupt and Billings Credit Men's Association, trustee of the estate of the bankrupt, and from the records, files, and evidence therein, it was found that the assignees had conducted the business of the bankrupt for one year prior to adjudication; that therein the property of the assignment had been wasted and depleted in amount $38,882.98; that the trustee was of the assignees partly or throughout, and dominated and controlled their operations; that the assignees represented many, if not most of the creditors, and, concealing its relation to the assignees, the association procured its election as trustee of the estate in bankruptcy; that for more than one year the trustee made no effort to secure accounting by the assignees, and in that behalf made none itself; that it unjustly endeavored to divert the assets of the estate to the benefit of creditors of the assignees and to the prejudice of the creditors of the bankrupt; that the ostensible assignees petitioned for accounting, which was had, and therein the trustee neglected to participate; that, further accounting being ordered by the court, the trustee endeavored to account for the ostensible assignees, and to acquit them of any liability to the estate; that therein it presented a partial, untrue, and misleading account, and produced evidence that itself had been assignee. The court, finding as aforesaid, necessarily removed the trustee from office, also disapproving its election thereto See (D. C.) 291 Fed. 792.

On appeal, the Circuit Court of Appeals reversed the decree or order to the extent of removal and disapproval aforesaid, for that, no notice given and hearing had of a direct proceeding to remove, and no disapproval made until after the trustee had assumed office, jurisdiction was wanting and the order void. See 298 Fed. 89.

[1] The opinion in its comment limited to jurisdiction and without instruction in respect to further proceedings, this court of its own motion issued to the trustee an order to show cause why its election should not be disapproved and why it should not be removed from office. This order states it is based upon the records, files, evidence, and proceedings aforesaid, from all of which appears probable cause to believe the findings aforesaid and set out in the order, are true. To this the trustee interposed objections to jurisdiction, which, overruled, it followed by general denials, and to the records, files, evidence and proceedings aforesaid, then and there before the court, it announced it had no countervailing evidence to present. In these circumstances the only reasonable findings are those aforesaid, that the facts constituting the probable cause aforesaid are true and are proven herein; and the court so finds.

In so far as disapproval of the trustee's election is concerned, the trustee contends that the appellate tribunal decided that, however fraudulently election and the court's approval are secured, if the fraud is successfully concealed until after office assumed and court term expired, disapproval thereafter is too late and void.

[2] And so it seems, though consent is generally vitiated by fraud, and "terms" have not been heretofore recognized in the Bankruptcy Act (Comp. St. §§ 9585–9656) and proceedings. Nevertheless, in the circumstances of this case, the fraud in election and approval relates to qualification and eligibility, and, if discovery thereof is too late for disapproval, it operates to the same end as cause for removal.

[3] To this the trustee contends that the appellate tribunal also decided that, despite the fraud and also the infidelity in administering the office as aforesaid, it cannot be removed from office, unless creditors discover the situation, assume the burden of litigation, and complain. The appellate tribunal's decision cannot be reasonably interpreted to establish any such horrifying doctrine, that degrades a court of equity to do iniquity as accessory to plunder of a trust. What and all that is decided is that removal of an unfaithful trustee can be had only in direct proceedings, and after notice and hearing to that end.

It is true the decision quotes paragraph 17, section 2, Bankruptcy Act (Comp. St. § 9586), that the court has jurisdiction to "appoint trustees, and upon complaints of creditors, remove trustees for cause upon hearings and after notices to them"; but it is also true that the decision is that the re-

moval herein is void, not because not. "upon complaints of creditors," but because not "upon hearings and after notices to" the trustee. In so far as the decision holds that the express statutory procedure is exclusive, and by implication repeals the law of inherent power, it must be interpreted with the context as aforesaid, and in the light of the last provision of said section 2, that naught in said section "shall be construed to deprive a court of bankruptcy of any power it would possess were certain specific powers not herein enumerated."

Thus interpreted, again it is found the gist of the decision is that the removal is void only for want of express notice and hearing upon that issue. In view of the last provision of section 2 aforesaid, it is difficult to find reason to support the decision that by paragraph 17 of said section the court has been deprived of inherent power. That it is so decided, however, is enough. An appellate tribunal's decision must be accepted, whether or not based upon reason. It is not understood that the appellate court has decided that, though trustees have fraudulently procured and are likewise administering the office, have and are committing devastavit of the trust estate, a court of equity must sanction, approve, aid, and abet the knavery, fail in its own duty, and defraud the beneficiaries, unless some one of the creditors, not controlled by the trustees, discovers the fraud and is willing to undertake the burden of litigation to defeat it. Before any doctrine so antagonistic to equity, and so shocking to the conscience of a chancellor, will be accepted as law, it must appear in clear, unequivocal, and full expression of the appellate tribunal, and susceptible of no other interpretation.

[4] The District Court is entitled to that; for, preparatory to its decisions, it cannot ask "instruction" of the Circuit Court of Appeals, though the latter always can of the Supreme Court—a statutory distinction and difference created by Congress, and doubtless for some sufficient reason. This contention of the trustee is the brazen attitude of Tweed exposed, "What are you going to do about it?" is an indictment of its proponent, an affront to common decency, and of the temple of justice would "make it a den of robbers."

[5] Congress discloses no such intent in the Bankruptcy Act, whether or not it has the power. This court is authorized by the Constitution. That great charter contemplates real and not pretended courts; and when, pursuant thereto, Congress calls courts into being, they are constitutional tribunals of certain necessary inherent powers, and of which they cannot be emasculated by Congress, thereafter or at all. It is true that the provision for removal of trustees is prefaced by the words "upon complaints of creditors"; but there is nothing to indicate this is exclusive, that the court cannot proceed of its own motion when circumstances require, or on motion of the bankrupt for his protection in any reversion. On the contrary, exclusiveness is negatived by the section's conclusion otherwise, as aforesaid. No like case in the books, whether of estates or trusts in bankruptcy, or the like in chancery otherwise (and in principle they are the same), is cited or known to support the doctrine for which the trustee contends, and which is here rejected.

[6, 7] In the circumstances of this case, the court waits not upon creditors. The proceedings are in equity, the estate is a trust, and the trustee an officer of the court.

[8] The court itself is of the nature of a special guardian of all trusts, obligated to careful scrutiny and just administration, responsible therefor and for the righteousness thereof, of functions which cannot be abdicated, the onus of which cannot be shifted or evaded in any circumstances, and always the court's paramount duty. And incidental and necessary to this is the power to remove an unfaithful trustee and to substitute another and worthy one. See May v. May, 167 U. S. 320, 17 Sup. Ct. 824, 42 L. Ed. 179; Pom. Eq. § 1086.

[9] Generally this may be done in other than direct proceedings. See Gould v. Gould, 108 Misc. Rep. 42, 178 N. Y. Supp. 37, affirmed in 203 App. Div. 807, 197 N. Y. Supp. 515; In re Mallon's Estate, 38 Misc. Rep. 27, 76 N. Y. Supp. 879; Jones v. Jones, 8 Misc. Rep. 660, 30 N. Y. Supp. 177; Pyle v. Pyle, 137 App. Div. 568, 122 N. Y. Supp. 256, affirmed in 199 N. Y. 538, 92 N. E. 1099; Comegys v. State, 10 Gill & J. (Md.) 183. And in any case on notice and hearing.

[10] In view of the premises, the court concludes that this trustee is subject to and ought to be removed from office; and it is so ordered.