Sarah G. Everhart, Plaintiff, *v.* The Provident Life and Trust Company of Philadelphia and John J. Gheen, as Executors and Trustees of the Last Will and Testament of Isaiah F. Everhart, Deceased, The County Trust Company, as Committee of the Person and Estate of Edwin E. Everhart, an Incompetent, and Edwin E. Everhart, an Incompetent, Defendants.

Supreme Court, New York Special Term, February, 1922.

*Trusts — spendthrift trust created by foreign will — foreign trustees — attempt of wife of cestui que trust to compel payment of alimony by trustees — court has no jurisdiction of suit.*

Motion to dismiss complaint.

*Rosenstock, Bennett & Rotkowitz (Harry Rotkowitz, Alfred C. Bennett,* of counsel), for plaintiff.

*Hedges, Ely & Frankel,* for defendant Provident Life and Trust Company.

LEHMAN, J.   The plaintiff is the wife of the incompetent defendant Edwin E. Everhart and under a decree of separation is entitled to receive from her husband alimony at the rate of $50 per week. No alimony has been paid under that decree and the plaintiff has secured judgment for over $30,000 for such unpaid alimony. The complaint shows that the incompetent is not the legal owner of any property out of which the plaintiff could secure payment of this judgment or of future alimony but he is beneficiary of a trust created for his benefit under the will of his father.   The will was probated in the state of Pennsylvania and the Provident Life and Trust Company of Philadelphia, a Pennsylvania corporation, and John J. Gheen, a resident of Pennsylvania, were duly appointed and have qualified as executors and trustees of this will by the courts of the state of Pennsylvania.   The plaintiff now seeks the aid of the court of equity to obtain part of the income of the said trust estate for her support.   There can be no doubt but that if the trust estate were created by the will of a resident of New York state which was probated here, the plaintiff would be entitled under the allegations of the complaint to a decree in her favor and that under the allegations of the complaint concerning the law of Pennsylvania in regard to spendthrift trusts, she could in the present case obtain similar relief in a suit brought in that state. The Provident Life and Trust Company has, however, moved for judgment dismissing the complaint and now contends that this court has not jurisdiction of the subject matter of the action.   The Provident Life and Trust Company of Philadelphia and John J. Gheen are sued " as executors and trustees of the last will and testament of Isaiah F. Everhart ," and undoubtedly the action cannot be maintained against them in their capacity of executors. *Helme* v. *Buckelew,* 229 N. Y. 363.   In fact, however, the complaint shows that they have been sued as trustees rather than as executors and in my opinion the erroneous description of the capacity in which they are being sued may be disregarded upon this motion. The real question presented is whether the courts of this state can and should assume jurisdiction in an action of this kind against trustees of a testamentary trust.   Prior to the enactment of section 1836a of the Code of Civil Procedure a foreign executor or administrator could not sue in the courts of this state but a testamentary trustee named in a will probated in a foreign jurisdiction could bring such action not " in a representative capacity but in his

own right as the legal owner of the property " (*T. G. T. Co.* v. *C., B. & Q. R. R. Co.*, 123 N. Y. 37) and similarly actions could be maintained against a foreign testamentary trustee to remedy wrongs committed by him as such legal owner. The present action however in some respects differs from any action which has been cited to me or which I have found in the reports of this state for it seeks a decree compelling a non-resident trustee, appointed in a foreign state under a will made by a resident of a foreign state, to execute a trust not for the benefit of the *cestui que trust* but for the benefit of a person not named in the instrument creating the trust. In the case of *Jenkins* v. *Lester*, 131 Mass. 355, a creditor sought similar relief in a bill brought against her debtors who were the *cestuis que trustent* created under a foreign will and against the trustee named in that will which was probated in the foreign state. The court, per Gray, Ch. J., there stated " The trust on which the property is held by her, having been created by judicial decree of a court of another State having jurisdiction of the matter, she [the trustee] is accountable in the courts of that State for the due execution of the trust; and by the decisions and the settled practice of this court, the trust cannot be enforced in this Commonwealth, although the trustee personally resides here." In spite of the personal authority of the judge writing that opinion and the authority of the court rendering the decision, the correctness of that case has been questioned by some students of the law though I have not found that any court has expressly disregarded the decision. It is urged that the basis of the decision is an erroneous view that " the case does not differ in principle from that of an executor or administrator appointed in another State, who is not responsible in this commonwealth for assets received here, if he has not here taken out letters of administration, nor for assets received in the other State, even if he has taken out ancillary administration in this commonwealth." As I have stated above, the courts of this state have recognized that in some cases there is a distinction in principle between an executor or administrator and a testamentary trustee. The distinction between an administrator and a testamentary trustee is clear for " with administrators the source of title is the grant of letters of administration " and with trustees the will but the distinction in principle between trustees and executors is not so clear for like a trustee " the executor's interest in the testator's estate is what the testator gives him." *Helme* v. *Buckelew, supra;* 14 Halsbury Laws of Eng., Executors and Administrators, §§ 263–270. The only real distinction that I can find between an executor and a trustee is one of power. Though both take their authority from the will and both are accountable primarily for the execution of their trust to

the courts where the will has been probated, yet the trustee has in the execution of his trust different powers and different duties from the executor and a foreign court can more properly assume jurisdiction in an action brought by or against a trustee than in an action brought by or against an executor and he can more properly be regarded as an individual rather than an officer of the court. In this state the courts of equity have even gone so far as to assume to issue a decree against a trustee named in a foreign will to execute the trust created by that will where the trustee is a resident of the state. *Jones* v. *Jones*, 8 Misc. Rep. 660. In the present case, however, neither trustees are residents of this state although the Provident Life and Trust Company of Philadelphia has subjected itself to the jurisdiction of this state by doing business here. The other trustee has not yet even been served. The plaintiff is seeking to compel the application of trust moneys to her claim although the trust fund is legally outside of the state, both because the instrument creating the trust was probated in a foreign jurisdiction and because the trustees are residents of that jurisdiction. A decree *in personam* against either trustee alone would be ineffective for a single trustee cannot dispose of trust property nor can this court reach the trust fund. In effect the plaintiff is asking a court of equity of this state to render a decree against a trustee directing him to execute his trust in a certain manner. The defendants have not put themselves into the position of individual wrongdoers by devastavit or other tort and the plaintiff is seeking relief against them not because they are the legal owner of the property but because of their failure to perform an act perhaps required of them in their representative capacity. For wrongs done even in a representative capacity by a resident of this state, recourse may properly be had to the courts of the state but for wrongs committed in regard to a fund situated outside of the state by a non-resident who happens to be partially or temporarily within the state and who is accountable to the court of the state of his residence, a party should seek relief in the courts of that state. For these reasons it seems to me that the defendants' motion for judgment on the pleadings must be granted.

I have not overlooked the request of the plaintiff for a declaratory judgment if this court has no jurisdiction to grant the relief prayed for in the complaint but in my opinion the provisions of the Civil Practice Act for a declaratory judgment have no application to the circumstances under consideration and the same objections would apply in even greater degree to the granting of such a judgment.

Defendants' motion granted.

Ordered accordingly.