CHARLES BURNHAM SQUIER, Plaintiff, v. AUGUSTUS S. HOUGHTON and FREDERICK C. SQUIER, Impleaded with Others, Defendants.

Supreme Court, New York County, December 29, 1927.

**Trusts — breach — complaint, after alleging plaintiff became owner of remainders under will of grandfather, who died resident of New Jersey, sets out executors failed to turn property over to him and asks for accounting — as to property held by life tenant court cannot determine whether said tenant died testate or intestate — court has no jurisdiction over executors who have been ousted from office — court has jurisdiction as to defendants sued as trustees and those sued as executors to extent of assets whose situs is in this State — court has jurisdiction of subject-matter — fact that contested probate proceedings are pending as to estate of life tenant, does not bar action — plaintiff's remedy in equity is more adequate than that at law — prior decree of Surrogate's Court in New Jersey is not res judicata in this action — action has not been released — action is not barred by Statute of Limitations.**

This is an action in which plaintiff, after alleging that he became the owner of a large number of remainders under the will of his grandfather, who died resident of New Jersey, sets out that the executors and trustees failed to turn over to plaintiff certain of such remainders and wrongfully transferred others to themselves in their own right or to some individual defendants who now withhold them from plaintiff. Interwoven in the complaint are charges concerning certain probate proceedings in New Jersey which raise a question as to testamentary capacity of the life tenant under the grandfather's will.

This court is not the proper forum for a weighing of plaintiff's grievances as to whether or not the life tenant died testate or intestate, and, furthermore, the court has no jurisdiction over certain executors and trustees of the life tenant's estate who have been ousted from office. However, the court has jurisdiction as to those defendants who were sued as trustees and those sued as executors, to the extent of the assets of the estate whose situs is in this State, and, consequently, the motion to dismiss the complaint as to the defendants sued as executors and trustees of the grandfather's estate, must be denied.

The fact that the genesis of plaintiff's right to commence this action is the will of a decedent who died a resident of New Jersey, does not deprive the court of its ordinary jurisdiction to enforce a trust in personal property, and, consequently, the court has jurisdiction of the subject-matter of the action. Nor does the fact that a contested probate proceeding is pending as to the estate of the life tenant, bar plaintiff's action.

Since the action is founded upon a breach of trust with the plaintiff endeavoring to follow trust funds and to hold the present owners liable as constructive trustees and to fasten liability on certain corporations, the action is one for a court of equity, and while the plaintiff may have a remedy at law, it is not as adequate as the remedy offered in equity.

A motion to dismiss the complaint, under rule 107 of the Rules of Civil Practice, upon the grounds of lack of jurisdiction over the defendants sued in their representative capacities, lack of jurisdiction of the subject-matter, and the pendency of another action between the parties, must be denied.

The fact that a prior decree was rendered by a Surrogate's Court of New Jersey is not *res judicata* and an adequate ground for dismissing the complaint prior to the trial.

Nor is plaintiff's cause of action released by instruments phrased as general releases, concerning which it is not clear that they were regarded as such by the parties.

Nor is the action barred by the Statute of Limitations in the absence of anything to show what the statutory period for actions of this character is in New Jersey.

MOTION by several of the defendants under rules 106 and 107 of the Rules of Civil Practice to dismiss the complaint.

*Frank Hendrick,* for the plaintiff.

*Ferris, Shepard, Joyce & McCoy [Woolsey A. Shepard* of counsel], for the defendants.

FRANKENTHALER, J. The pleading is anything but " a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies." (Civ. Prac. Act, § 241.) It covers some seventy-eight typewritten pages, abounding in unnecessary repetitions, and includes many matters that on no conceivable theory cou'd be of assistance in stating a cause of action. It is the duty of the court nevertheless to struggle with this unique document and determine its adequacy, indulging in all reasonable intendments in its support.

The complaint alleges in substance that the plaintiff became the owner of a large number of remainders under the will of his grandfather, one William C. Squier, who died a resident of New Jersey in 1906, some of such remainders being his by virtue of the will itself and others by virtue of the failure of his grandmother, one Catherine C. Squier, who died in 1913, to exercise a power of testamentary disposition bestowed upon her by the will of her husband; that as the life estates precedent to such remainders expired from time to time, in 1913, 1915 and 1926, the executors and testamentary trustees failed to turn over to him certain of such remainders, wrongfully transferring them to themselves in their own right or to some of the individual defendants who now withhold the same from the plaintiff; that a portion of the property thus wrongfully withheld consists of a bank account with the defendant Farmers' Loan and Trust Company, which was formerly in the name of Edwin M. Squier, a life tenant who died in 1926; and that other portions of the property comprised in such remainders consisted of shares of stock of four additional corporate defendants, which the latter have permitted to be transferred to the individual defendants although they had actual knowledge of the plaintiff's ownership thereof. Interwoven into the complaint are charges concerning certain probate proceedings instituted in New Jersey

in regard to an alleged will of Edwin M. Squier, and the plaintiff's contest thereof in the courts of that State on the grounds of lack of testamentary capacity and undue influence.

This court is obviously not the proper forum for a hearing of the plaintiff's grievances as to whether Edwin M. Squier died testate or intestate, and this part of the complaint does not state or assist in stating a cause of action.

The relief demanded on the basis of the other allegations of the complaint includes a prayer for an accounting and a delivery to the plaintiff of all property withheld from him, together with an injunction against all parties pending the outcome of the action. In substance, then, the plaintiff alleges a devastavit by the executors and trustees of the William C. Squier estate and of the Catherine C. Squier estate. He seeks an accounting and also seeks to follow the trust property into the hands of the persons who received it from the trustees. He apparently also desires to hold liable the various corporations which he alleges knowingly permitted or assisted in the wrongful disposition of the property.

The motion to dismiss the complaint under rule 106 of the Rules of Civil Practice is made upon four grounds. The first is that the court has no jurisdiction over the defendants Augustus S. Houghton, Frederick C. Squier, Jr., William C. Squier, 3d, and Harold M. Searles, as executors and trustees of the estate of Edwin M. Squier; over the defendants Augustus S. Houghton, as substituted trustee, and Frederick C. Squier, as surviving executor and trustee of the estate of William C. Squier, or over the defendant Frederick C. Squier, as surviving executor and trustee of the estate of Catherine C. Squier. As to the defendants sued as executors and trustees of the Edwin M. Squier estate, the complaint itself alleges that they have been ousted from office by the appeal taken by the plaintiff in the Orphans' Court of Union county, N. J. It follows that this court has no jurisdiction over them in their defunct representative capacities, and the motion to dismiss the complaint as to these defendants will be granted.

The question as to the jurisdiction over the defendants who are sued as executors or trustees of the William C. Squier estate and of the Catherine C. Squier estate raises a more serious problem. Certainly the plaintiff cannot compel the *executors* of foreign estates to account to this court for all of their proceedings, as such an action would be one *in personam*, and no facts are alleged to show that a failure of justice would result if this court should decline to exercise jurisdiction. (*Helme* v. *Buckelew*, 229 N. Y. 363, 368.) However, it is a breach of trust which is charged against the executors and the plaintiff seeks to follow the funds into the hands of trans-

ferees, who are also made parties defendant. Some of the funds are in this jurisdiction. As to foreign *testamentary trustees* the courts entertain actions more readily than in the case of foreign executors. A testamentary trustee is regarded more as an individual than as an officer of a foreign court, and courts of equity in this State have exercised jurisdiction in suits by and against foreign testamentary trustees, where, in the absence of statute, similar suits involving foreign executors would have been declined. (*Toronto General Trust Co.* v. *Chicago, etc., R. R. Co.*, 123 N. Y. 37; *Putnam* v. *Lincoln Safe Deposit Co.*, 191 id. 166; *Matter of Webb*, 11 Hun, 124; *Everhart* v. *Provident Life & Trust Co.*, 118 Misc. 852.) In the present case plaintiff charges a breach of trust by the trustees, as well as the executors. Moreover, he asserts that he is a resident of this State. I am of the opinion that in an action of this character the court has jurisdiction over the defendants who are sued as trustees, and that it has jurisdiction also over the defendants who are sued as executors, at least to the extent of any assets whose situs is in this State. (*Holmes* v. *Camp*, 219 N. Y. 359, 372; *Helme* v. *Buckelew, supra,* 368.) The motion to dismiss as to the defendants sued as executors or trustees of the William C. Squier estate and of the Catherine C. Squier estate is, therefore, denied.

The second objection to the complaint is that the court has no jurisdiction of the subject-matter. The motion on this ground must also be denied. The fact that the genesis of the plaintiff's right is the will of a decedent who died a resident of New Jersey does not deprive the court of its ordinary jurisdiction to enforce a trust in personal property. In *Matter of Webb* (*supra,* 125) the court said: " If the action had been to enforce, maintain or vindicate a trust, the foreign domicile or appointment of the trustee would have formed no objection to its prosecution against him in the courts of this State." It is, of course, true that the laws of New Jersey will be resorted to as the measure of the plaintiff's substantive rights, but it would be going too far to hold that the plaintiff must also go to the courts of that State for his remedy. (*Cross* v. *United States Trust Co.*, 131 N. Y. 330.) The cause of action against the corporate defendants is either on implied contract or on the theory that they have knowingly assisted in a breach of trust, and the court has jurisdiction of such an action, not only against domestic, but also against foreign corporations doing business here. (*Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259.)

The third ground of the motion is that there is another action pending between the parties. The reference is apparently to the contested probate proceedings, in which the issue is whether Edwin M. Squier died testate or intestate. As to this point it suffices

to say that the objection of the pendency of another action does not properly relate to actions pending in the courts of other States. (*Barnes* v. *Andrews*, 208 App. Div. 856; *General Investment Co.* v. *Interborough Rapid Transit Co.*, 200 id. 794; affd., 235 N. Y. 133.)

The fourth ground is that the complaint does not state facts sufficient to constitute a cause of action. The motion on this ground must also be denied. As indicated above, the action is founded upon a breach of trust. The plaintiff is endeavoring to follow trust funds and to hold the present owners liable as constructive trustees, and also to fasten liability on certain corporations alleged to have assisted in the perpetration of the wrong. Such an action is a familiar one in a court of equity. The plaintiff may have a remedy at law, but it is not as adequate as the remedy afforded in equity. (*Falk* v. *Hoffman*, 233 N. Y. 199.)

A motion to dismiss the complaint is also made under rule 107 of the Rules of Civil Practice. The first three grounds of this motion are the same as the first three under rule 106 of the Rules of Civil Practice. The additional grounds are *res adjudicata*, releases and the Statute of Limitations. In support of this motion, the defendants have presented affidavits, which are replied to by the plaintiff. Annexed to the defendants' affidavits are copies of the wills of William C. Squier and Catherine C. Squier. While the terms of the former's will may not seem to support the construction thereof pleaded in the complaint, the true effect of the will cannot be passed upon by the court on a motion under rule 107 of the Rules of Civil Practice, which does not permit the use of affidavits for the purpose of establishing the *insufficiency* of part or all of the complaint. For present purposes, therefore, the court must assume that the construction of these wills pleaded by the plaintiff is their proper one, and that under them he became entitled to the remainders claimed in the complaint. The defendants' affidavits, however, set forth additional facts, the significance of which must now be determined. The executors of the William C. Squier estate in 1907 rendered a final account to the appropriate court in New Jersey, the plaintiff being a party to the proceeding. The plaintiff's general guardian filed a release in favor of the executors and a decree was entered passing the account. In 1913, after the widow's death, the executors and trustees of her estate and the trustees of the William C. Squier estate, being the same persons, adopted the view that by her will she had exercised the power of testamentary disposition given to her as to a portion of the William C. Squier estate and they distributed such portion according to the provisions of her will. The plaintiff made no objection until the commencement of the present action. He received a relatively small legacy under this will and

gave the executors a general release. In 1915, upon the death of William C. Squier, Jr., who was one of the sons and a life tenant under the will of William C. Squier, the trustees made a distribution of the trust fund held for his life. A large sum of money was paid to the plaintiff as one of the remaindermen of this trust and the plaintiff gave a general release to the trustees. Finally, in 1926, Edwin M. Squier, another son and the life tenant of another trust, died. The trustees thereupon rendered a final · account covering that trust in the Surrogate's Court of Union county, N. J. .The plaintiff was a party to the proceeding. The account was approved and a distribution ordered. Pursuant thereto a large sum was paid to the plaintiff as one of the remaindermen and the plaintiff once more gave a general release in favor of the trustees. One of plaintiff's contentions as alleged in the complaint is, however, that at each of these times, 1913, 1915 and 1926, the trustees failed to pay over to the plaintiff certain *other* remainders to which he was entitled under the proper construction of the two wills. The motion to dismiss under rule 107 of the Rules of Civil Practice, upon the grounds of lack of jurisdiction over the defendants sued in their representative capacities (except as to the defendants brought in as executors and trustees of the Edwin M. Squier estate), lack of jurisdiction of the subject-matter and the pendency of another action between the parties, must be denied for the reasons outlined above in connection with the motion under rule 106 of the Rules of Civil Practice. The additional facts revealed by the defendants' affidavits furnish no reason for a different conclusion as to this motion.

The matter of *res adjudicata*, although perhaps a good defense by way of answer, is not an adequate ground for dismissing the complaint at the present time. The prior decree relied upon is that of a Surrogate's Court in New Jersey. The jurisdiction of that court and the effect of its decrees under the New Jersey law are matters not judicially known to this court. Whether such decrees are conclusive or merely presumptive this court cannot say on the record before it. The decrees of our Surrogates' Courts are conclusive, but this has been brought about by statute. (Surrogate's Court Act, § 274.) Moreover, the objection of *res adjudicata* goes only to a part of the cause of action. It applies solely to the funds alleged to have been converted by the trustees of William C. Squier on the death of Edwin M. Squier.

Next, as to the ground that the cause of action has been released: The releases given by the plaintiff are phrased as general releases, but it is not clear that they were regarded as such by the parties. For example, upon the death of William C. Squier, Jr., in 1915, the plaintiff gave a general release in favor of the trustees; yet

it seems to have been recognized that he was or might be entitled to further remainders in the estate, one of which was actually paid over to him on the later death of another life tenant.   Under the circumstances the releases appear to have the effect of receipts. Moreover, they do not expressly cover all, if any, of the claims now made by the plaintiff, and it is conceivable that he can avoid their effect by showing that he signed them under a misapprehension of the facts and of his rights.   (*Haviland* v. *Willets*, 141 N. Y. 35.) The motion on this ground is accordingly denied.

The remaining ground is the Statute of Limitations.   According. to the complaint the various conversions occurred in 1913, 1915 and 1926.   The defendants claim that the conversions alleged to have taken place in 1915 and 1926 were mere reconversions of the same funds converted in 1913.   This is only partially true, however. It is clearly not true as to those remainders which were never subject to the power of testamentary disposition but which the plaintiff claims directly and solely under his grandfather's will.   He alleges for instance, that as to certain funds Edwin M. Squier was a legal life tenant, and that as to other funds he was the second life tenant, with remainders to the plaintiff and others, and that these funds were converted for the first time in 1926.   If the New York law as to limitations of actions were applicable I would be inclined to hold that the plaintiff's right of recovery as to those funds which he alleges should have been paid over to him immediately upon the death of Catherine C. Squier in 1913, and also as to those funds which he alleges should have been paid over to him on the death of William C. Squier, Jr., in 1915, was barred by limitation, but that his right to obtain what he claims should have been paid over to him on the death of Edwin M. Squier in 1926 was not so barred. Ordinarily the Statute of Limitations begins to run against a remainderman when the life tenant dies.   (*Putnam* v. *Lincoln Safe Deposit Co., supra* )   But as the cause or causes of action apparently arose in New Jersey and as the plaintiff's residence in 1913 and 1915 is not shown it would seem that the New Jersey law of limitations is controlling (Civ. Prac. Act, § 13); and the court has no information upon the record before it as to the statutory period for actions of this character in New Jersey.   Consequently the motion to dismiss on this ground must also be denied.   Both motions will be denied, except that the motion to dismiss as to the defendants who are sued as executors and trustees of the estate of Edwin M. Squier will be granted.