KATHRYN KANE, as Administratrix of the Estate of PETER HENSHAW, Deceased, Appellant, v. JOHN L. LEWIS et al., as Trustees for the United Mine Workers of America Welfare and Retirement Fund, Respondents.

Third Department, November 12, 1953.

*Boris Schneeberg* for appellant.

*George G. Coughlin, Chandler Y. Keller, Val J. Mitch* and *Edward L. Carey* for respondents.

Coon, J. Plaintiff, a resident of the State of New York, brought this action to recover a pension allegedly due from the United Mine Workers of America Welfare and Retirement Fund, a fund created by the National Bituminous Coal Wage Agreement of 1950. The agreement specifies that the fund shall have its place of business in Washington, D. C., and shall be operated by a board of three trustees. One of the trustees was served with process in this action in New York City while there on business unconnected with the fund. The other two trustees, nonresidents of the State of New York, have not been served with process. The defendants appeared specially and moved for dismissal of the action on the ground that the court lacked jurisdiction. It is from the order granting this motion which dismissed the complaint that this appeal is taken.

The only question presented is whether the Supreme Court, which concededly has no jurisdiction in personam over two of the three trustees or over the *res* located in Washington, D. C., shall accept jurisdiction of the action.

No breach of trust or personal liability is asserted against the one trustee served with process. Recovery is sought only against the fund.

It appears without dispute that all of the business of the fund is transacted from its office in Washington, D. C., and that all payments into the fund are made into that office. The agreement which created the fund provided: '' Said three Trustees so named and designated shall constitute the Board of Trustees to administer the Fund herein created.'' The three are in effect but one collective trustee. In these circumstances the service of process upon one of them cannot confer jurisdiction over the fund which they administer, or over the two trustees not served, or over the three trustees as a board.

Trustees must act together. One of several cannot bind his fellow trustees. (*Matter of Luckenbach*, 278 App. Div. 114.) It is unnecessary to discuss the exceptions where a majority of trustees may act, as here not even a majority have been served with process.

In *Everhart* v. *Provident Life & Trust Co.* (118 Misc. 852), in a very closely analogous case, Justice Irving Lehman said: '' A decree *in personam* against either trustee alone would be ineffective for a single trustee cannot dispose of trust property nor can this court reach the trust fund.''

Likewise in the instant case there is no claim that any part of the assets of the fund is within the State of New York.

A judgment obtained against one trustee would not be enforcible against the fund even if its assets could be reached. The court would be powerless to enforce its judgment if one were obtained, and it is well established that courts will not entertain jurisdiction to do a futile act.

None of the cases cited in appellant's brief are closely analogous to the case at bar, nor do they disagree with the principles above.

The order should be affirmed, without costs.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Order affirmed, without costs.