Joseph A. Gr avagan, J.
Two actions have been brought which respectively seek relief against a welfare fund and a pension fund and against the trustees administering such funds. Pur *452 suant to the trust instruments the hoards of trustees must act collectively. In each action plaintiffs have moved for a temporary injunction and cross motions have been made by the minority of trustees already served with process and appearing specially contesting the jurisdiction of the court. The trustees acting collectively are but one trustee, and the court cannot reach the fund or the trustees unless they are all before the court. Plaintiffs rely on section 1197 of the Civil Practice Act, which is inapplicable. In a similar situation arising after the enactment thereof jurisdiction was held not to exist (Kane v. Lewis, 282 App. Div. 529). The challenge to the jurisdiction at this time is sustained.
It appears that there may be a basis in fact and in law to obtain the required jurisdiction over the funds and all of the trustees, many of whom are nonresidents. Some assertion is made that the funds are actually within the State or administered here. Consequently, the main motions for temporary injunction and the question of ultimate jurisdiction will be held in suspense. Plaintiffs are afforded 30 days from service of a copy of this order with notice of entry to complete service of process and the moving papers. The main motions are accordingly restored to the calendar of Special Term, Part III of October 27, 1958, at which time the trustees already served and those who may be served may respond upon the merits or by further motion, as they may be advised. Each party hereafter served shall be given notice of the present return date of the motion, October 27, 1958.