Henry Epstein, J.
These are identical motions in actions brought on behalf of plaintiffs similarly situated. Defendants appear specially and seek to set aside service of the summonses and complaints. The actions seek relief in the nature of pay *1050 ment of pension benefits. The Pension Fund has 15 trustees, 7 from labor, 7 from management and 1 neutral trustee who votes only in ease of a tie. Defendants named are the trustees of the Bakery and Confectionery Union and Industry National Pension Fund, and are sued in such representative capacity. The pension plan became effective January 1, 1956, pursuant to the trust agreement of September 11, 1955. The plaintiffs’ application has been rejected. Four of the 15 trustees were served in this State and the rest are scattered over the rest of the United States. The following fact is significant: The fund is administered from offices in Washington, D. C., but the Declaration of Trust, article XII, section 4, provides: “ Situs. This Agreement and Declaration of Trust is accepted by the Trustees in the City of New York, State of New York, and such place shall be deemed the situs of the Trust Fund created hereunder. All questions pertaining to validity, construction and administration shall be determined in accordance with the laws of such State.”
Section 1197 of the Civil Practice Act expressly authorizes service in an action, ‘ ‘ legal or equitable ’ ’, to be made on one or more of defendants jointly liable. Defendants argue that since the trustees must act collectively, service must be made upon all, else no jurisdiction is had. The history of the predecessors of section 1197, including the 1945 amendment (L. 1945, ch. 842), would seem to bring the defendants within the spirit of the decisions dealing with joint liability (Sternberger v. Bernheimer, 121 N. Y. 194,197; Kirsten v. Chrystmos, 14 N. Y. S. 2d 442, 444). Why should a trust, which so expressly confines its administration and construction to New York law, and some of whose trustees are found here, force a poor pensioner or one who claims such rights, to litigate her rights in Washington? Why should scattering trustees across the United States be allowed to work a hardship on a petitioning pensioner, when the trust is to be so construed and administered under New York law? Were it not for the decision of this court by Justice Gavagan in Conway v. Cross (16 Misc 2d 451), there would be less pause in arriving at a decision favorable to petitioner. Kane v. Lewis (282 App. Div. 529), cited in the Conway case, does not turn on section 1197 of the Civil Practice Act. In that ease also the situs of the trust was in Washington, D. C.; but all the trustees were nonresidents of this State and only one was served by chance in New York. In declining jurisdiction there, this court was exercising a discretion on facts widely variant from those here presented. In the Conway case itself, this court held section 1197 to be inapplicable and cited the case *1051 of Kane v. Lewis [supra). In that very proceeding service on “ any of the said defendants as Trustees ” was authorized by the order to show cause, signed by Justice Streit. In that proceeding also “ the respective summons and complaints are not presently the subject of the special appearance or of the cross motions ”.
Nor does this court believe the cases of Everhart v. Provident Life & Trust Co. (118 Misc. 852); Kittredge v. Grannis (244 N. Y. 182) and Allison S Ver Valen Co. v. McNee (170 Misc. 144) to be applicable to the present action and the amended section 1197 of the Civil Practice Act. Nor does this court believe that petitioner should be relegated to “ alternative means of acquiring jurisdiction”, as suggested by defendants’ counsel, through articles 25 and 79 of the Civil Practice Act.
Having chosen New York State to be the situs of the trust; the laws of New York State to be the governing medium, and four trustees resident here who have been served, — the scope of section 1197 as most recently amended should be so construed as to give force to aid those who seek its reasonable application in an action against the trustees. Nor is the joint action required by the trustees a bar to this action.
Motions to set aside service are denied. Orders signed.