Joseph A. Gavagan, J.
Defendant Lester B. Knight, as trustee, moves for an order vacating the service of the summons upon him in his representative capacity, upon the ground that the court has no jurisdiction over the persons of the trustees of the subject trusts, and upon the further ground that the court does not have or should decline jurisdiction over the subject matter of the action.
The moving defendant was served in this jurisdiction. Except for the claimed fact that the court does not have jurisdiction in the circumstances here, because it does not have jurisdiction over the majority of the trustees or the trust fund, it would have jurisdiction over the moving defendant.
No complaint was served with the summons. Such a complaint must be furnished pursuant to the demand made by the moving defendant (Civ. Prac. Act, § 257). Absent the complaint, the matters in issue cannot now be determined. In Kane v. Lewis (282 App. Div. 529), on which defendant relies, the complaint was before the court. It was noted there that breach of trust was not asserted against the moving trustee.
An objection that the court does not have jurisdiction over the subject matter may be joined with an objection that the court does not have jurisdiction over the person (Civ. Prac. Act, § 237-a). Ordinarily, in these circumstances, the right to pursue the special appearance may be reserved until after service of the complaint (Lisle v. Palmer, 29 N. Y. S. 2d 975, affd. 263 App. Div. 720). However, in this instance the defendant has moved for vacatur of the summons by reason of absence of jurisdiction over the subject matter or the court should decline jurisdiction. The latter relief is not permissible under section 237-a of the Civil Practice Act, and works a general appearance. When the complaint is placed before the court, it is not too late to seek dismissal for want of jurisdiction over the subject matter and, in the court’s discretion to decline jurisdiction. The motion is denied.