Bernard Tomson, J.
The defendant moves to dismiss “on the basis that the parties entered into an agreement in writing providing for arbitration”. The defendant in support asserts *57 that the action is one for an alleged breach of contract which includes an arbitration clause. A copy of the alleged contract is annexed. The affidavit then states only: “The defendant has not waived its right to arbitration or taken any steps inconsistent therewith. The action, therefore, should be dismissed, and if the plaintiff so wishes, it can proceed with arbitration.”
The position taken by the defendant in its memorandum is that rule 3211 (subd. [a], par. 5) of the Civil Practice Law and Rules requires the granting of the motion. As far as applicable, the section reads:
“ (a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: * * *
“ 5. the cause of action may not be maintained because of arbitration, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, or statute of frauds; or”.
Rule 3211 is specifically made applicable to the procedure followed in this court on a motion to dismiss (Uniform List. Ct. Act, § 1002). It is pertinent at this point to note that the Civil Practice Law and Rules is to be applied in this court as far as it can be made applicable when not in conflict with the Uniform District Court Act (§ 2102). Section 7503 of the Civil Practice Law and Rules therefore is applicable to the District Court, and section 206 of the Uniform District Court Act specifically gives the court jurisdiction to enter judgment on the arbitrator’s award where the relief awarded is in the court’s jurisdiction.
The precise question presented here, apparently of first impression, is whether rule 3211 permits, prior to the inception of an arbitration proceeding, dismissal of a cause of action upon the allegation that an arbitration clause is applicable. The “Practice Commentary to Rule 3211,” by Paul S. G-raziano (McKinney’s Cons. Laws of N. Y., Book 7B, p. 322) reads: “ The precise objection intended to be covered in paragraph 5 by that of 1 arbitration ’ is somewhat obscure. It probably does not mean that a cause of action brought in violation of an enforceable arbitration agreement is subject to a motion to dismiss in addition to a motion to compel arbitration and the resulting stay of the action under subdivision (a) of CPLR § 7503. Under the former procedure, a motion for a stay of the action (CPA § 1451) was the exclusive remedy (American Reserve Ins. Co. v. China Ins. Co., 1948, 297 N. Y. 322, 327, 79 N. E. 2d 425, 427) and nowhere in the Revisers’ reports is *58 the intention to provide an additional remedy indicated. If the word ‘ arbitration ’ really means 1 arbitration and award as originally recommended (1st Report Leg. Doc. (1957) No. 6(b), p. 85) and as is likely (see CPLR § 3018(b)), the situation envisaged seems to be one where no judgment has been entered on the award, for otherwise the defense of res judicata would be available (Matter of Springs Cotton Mills v. Buster Boy Suit Co., 1949, 275 App. Div. 196, 88 N. Y. S. 2d 295, affirmed 300 N. Y. 586, 89 N. E. 2d 877, motion denied 300 N. Y. 680, 91 N. E. 2d 330).”
The First Preliminary Report of the Advisory Committee on Practice and Procedure (N. Y. Legis Doc., 1957 No. 6[b], p. 83) provided under title 31, “Accelerated Judgment,” rule 31.1, under the heading, “Motion to dismiss before answer”, that “ At any time before service of the responsive pleading is required, a party may move for judgment * * * on any of the following grounds * * * 5. that the action may not be maintained because of release, payment, collateral estoppel, res judicata, arbitration and award, discharge in bankruptcy, statute of limitations, statute of frauds, or infancy or other disability of the moving party” (emphasis supplied).
At pages 84 to 85 the Revisor’s Notes read: “As to the specific objections enumerated in this rule, on the other hand, there is good reason to continue the present revisions for a preliminary motion (N. Y. R. Civ. P. 107, 110) and, indeed, to expand them. Unlike the objection of failure to have a cause of action, these do not require preparation of the whole case. As separable and easily demonstrable bars to an action, they may often save a lawyer considerable time and effort preparing an answer to a complicated case. There is little danger that they will delay the litigation since, by their nature, they are difficult to fabricate and raise issues that are relatively easily resolved. The present New York provisions have been highly praised by commentators. See, e.g., Millar, Civil Procedure of the Trial Court in Historical Perspective 250-52 (1952); Atkinson, Pleading the Statute of Limitations, 36 Yale L. J. 914, 930-32 (1927). Similar provisions exist in Illinois and Michigan. Ill. Ann. Stat. c. 110, § 48 (Smith-Hurd Supp. 1955); 6A Mich. Comp. Laws Annotations, app. 4, Court Rule 18 (1948).
“ To the objections presently enumerated, the proposed rule adds a new subdivision 1 for defenses founded upon documentary evidence, and the defenses of estoppel, arbitration and award and discharge in bankruptcy in subdivision 5. The latter were chosen because they represent affirmative defenses that are ■usually easily established, Discharge in bankruptcy in m *59 enumerated objection in the analogous Illinois provision, but the proposed rule has not adopted the phrase 1 other affirmative matter, ’ used in Illinois. Although subdivision 5 includes the most common defenses founded upon documentary evidence, subdivision 1 is added to cover all others that may arise as for example, a written modification or any defense based on the terms of a written contract. In subdivision 4, the words ‘ in a court of any state or the United States 7 have been added to the present formulation (N. Y. R. Civ. P. 106 (3)) in order to do away with the anomalous doctrine that an action in another state is not ‘ another action pending 7 within the meaning of the rule. See Squier v. Houghton, 131 Misc. 129, 226 N. Y. Supp. 162 (Sup. Ct. 1927).”
In the Final Report of the Advisory Committee on Practice and Procedure dated January 4,1961, subdivision 5 of rule 31.1, although renumbered paragraph 5 of subdivision (a) of section 3251 was repeated with no significant change, and retained the phrase ‘ ‘ arbitration and award 7 ’. However, Legislative Document No. 15 (1961), dated March 22, 1961, the “Fifth Preliminary Report by the Senate Finance Committee and the Assembly Ways and Means Committee ” rearranged the defenses in paragraph 5 in alphabetical order. In so doing, the words “ and award ” were deleted either unintentionally or by design, so that only the word “ arbitration ” remained. The notes that followed merely stated: “Defenses in paragraph 5 rearranged in alphabetical order.” No further explanation of the change was given. Curiously, the Sixth Report to the Legislature (N. Y. Legis. Doc., 1962, No. 8) paragraph 5, now rule 3211 as proposed, did not provide an alphabetical list of defenses and again contained the words “ arbitration and award,” without any explanation in the notes. When enacted, paragraph 5 again contained an alphabetized list of the defenses, and the words ‘1 arbitration and award 7 7 had become merely “ arbitration.77
It would appear therefore fairly clear that the words ‘6 arbitration and award 7 7 and the use of the word 1 ‘ arbitration 7 7 were used interchangeably, and were intended in either event to fit the purpose stated in the First Preliminary Report, that is, as one of the defenses “ founded upon documentary evidence 7 7 which ‘1 are usually easily established.7 7 Such a purpose could be served only by an arbitration which had proceeded to the point of determination of the dispute, and certainly would not be applicable to the instant situation, which requires the resolution of “threshold questions 77 to be determined before an action is stayed or arbitration compelled. Section 7503 of *60 the Civil Practice Law and Rules provides for the resolution of such questions. (See N. Y. Legis. Doc., 1960, No. 20; Fourth Preliminary Report, p. 77 et seq.-, “ Practice Commentary,” by Peter W. Thornton, to § 7503, McKinney’s Cons. Laws of N. Y., Book 7B, p. 488 et seq. See, also, 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., discussion of CPLR 3211, subd. [a], par. 5 and If 7503.20.)
The motion is denied.