■ DANIEL ZAMPELLA et al., Doing Business as D & C CONSTRUCTION COMPANY, Respondents, v PLAZA AT LATHAM ASSOCIATION, Doing Business as LATHAM PLAZA, INC., Appellant.—Appeal from a judgment of the Supreme Court, entered December 23, 1977 in Schenectady County, upon the decision of an arbitration panel. On December 1, 1975, plaintiffs contracted with

defendant to perform snowplowing services at defendant's parking lot for a certain sum, payable in monthly installments. Pursuant to this contract a 1-½% monthly interest rate would be charged defendant on the late payment of a monthly installment. Following an alleged default by defendant in its installment payments, plaintiff commenced an action to recover the sums due under the contract. The parties subsequently stipulated to place the matter before the Schenectady County Arbitration Panel. On November 10, 1977, the decision of the arbitrators in favor of plaintiffs was filed in the county clerk's office and a judgment based on the award was entered on December 23, 1977. Defendant here brings an appeal, dated January 12, 1978, from said judgment alleging that the contract in question should be declared void as usurious. By stipulating to arbitration before the Schenectady County Arbitration Panel, the parties chose that the matter be governed by the Rules Governing Compulsory Arbitration of the Judicial Conference (Administrative Board) (22 NYCRR Part 28). According to these rules, unless a demand is made for a trial *de novo,* or the award vacated, the award becomes final and judgment may be entered thereon (22 NYCRR 28.11). A demand for a trial *de novo* must be made within 20 days after the award is filed (22 NYCRR 28.12). A motion to vacate the award must be made within 20 days after the award is served upon the moving party (22 NYCRR 28.13). The record fails to show that either a demand for a trial *de novo* or a motion to vacate the award were timely made. We are of the view that defendant, having chosen the procedure whereby the matter was to be determined, is bound by the agreement *(Matter of Wilkins,* 169 NY 494). Consequently, if defendant was dissatisfied with the arbitrators' award, it was required to demand a trial *de novo* or move to vacate the award (22 NYCRR 28.12, 28.13). Since defendant failed to do either in the time prescribed, it is the opinion of this court that the appeal must be dismissed (see *Matter of Bond [Shubert],* 264 App Div 484, affd 290 NY 901). Appeal dismissed, with costs. Mahoney, P. J., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.