DANIEL ZAMPELLA et al., Doing Business as D & C CONSTRUCTION COMPANY, Respondents, v PLAZA AT LATHAM ASSOCIATION, Doing Business as

LATHAM PLAZA, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 6, 1978 in Schenectady County, which denied defendant's motion to vacate the judgment in plaintiff's favor based upon an arbitration award. The present case was previously before this court and, on the ground that defendant failed to follow the procedure set forth in the rules governing compulsory arbitration of the Judicial Conference (Administrative Board) (22 NYCRR Part 28), we dismissed the appeal *(Zampella v Plaza at Latham Assoc.,* 67 AD2d 1032). The pertinent facts are recited therein and we need not repeat them here. Subsequent to the previous appeal to this court, defendant moved to vacate the judgment in plaintiff's favor. Special Term denied the motion and this appeal ensued. Basically, appellant contends that the arbitration award was never confirmed pursuant to CPLR 7510 and, therefore, the judgment was entered in violation of CPLR 7514. We disagree and are to affirm. As we stated in the previous appeal, having chosen to arbitrate before the Schenectady County Arbitration Panel, the parties are bound by their agreement and the governing rules. The specific rule in question provides that unless a demand is made for a trial *de novo,* or the award vacated, the award shall be final and judgment may be entered thereon (22 NYCRR 28.11 [b]). This procedure, in our view, is unrelated to CPLR article 75 and, consequently, judgment could be entered based on the award even though the award was not confirmed pursuant to CPLR 7510 (see Siegel, New York Practice, § 586). We have considered appellant's remaining arguments and find them to be without merit. Accordingly, the order must be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.