■ STANLEY Ross et al., Respondents, v EVEREADY INSURANCE COMPANY, Appellant.—In an arbitration proceeding, the defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated December 14, 1988, which denied its motion to vacate an ex parte judgment entered August 29, 1978, in favor of the plaintiffs.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the judgment is vacated.

After receiving a monetary award in an arbitration proceeding pursuant to Insurance Law former § 675 (2) (now § 5106 [b]), seeking certain no-fault automobile insurance benefits, the plaintiffs entered a judgment thereon ex parte on August 29, 1978. A proceeding to confirm the award was never commenced prior to the entry of the judgment.

Contrary to the determination of the Supreme Court, the defendant's motion to vacate the judgment pursuant to CPLR 5015 (a) (4) was not untimely. The judgment, which was entered without acquiring personal jurisdiction over the defendant, was a nullity and did not bind it *(see, McMullen v Arnone,* 79 AD2d 496, 499). Thus, the defendant was free to "ignore the judgment, resist it or assert its invalidity *at any and all times" (McMullen v Arnone, supra,* at 499; emphasis supplied); the defendant was not " 'bound to appeal from [the] void * * * judgment' " *(Hughes v Cuming,* 165 NY 91, 94, quoting *Kamp v Kamp,* 59 NY 212, 215).

Further, the plaintiffs' reliance on 11 NYCRR 65.7 is misplaced. That regulation provides that the out-of-court arbitration award in this proceeding need not be confirmed into judgment *(see,* 11 NYCRR 65.7 [a] [23]). The apparent purpose of the regulation is merely to set forth that the award need not be judicially confirmed in order for the award itself to be binding on the parties *(see, e.g., Hilowitz v Hilowitz,* 85 AD2d 621). The regulation, however, does not permit the entry of an

ex parte judgment. A judgment can only be entered upon confirmation of the out-of-court arbitration award (see, CPLR 7514 [a]; cf., 22 NYCRR 28.11 [b]; *Zampella v Plaza at Latham Assn.*, 69 AD2d 957 [involving in-court arbitration awards]). To the extent this regulation may be interpreted to permit entry of an ex parte judgment, it cannot stand (see, *Matter of Cady [Aetna Life & Cas. Co.—Lewis]*, 61 NY2d 594, 597).

We find no merit to the plaintiffs' further contention that the order appealed from should be affirmed because as a matter of equity, their cross motion to confirm the arbitration award and for entry of a judgment nunc pro tunc, which cross motion was barred by the Statute of Limitations (see, CPLR 7510; see also, CPLR 215 [5]), should be granted. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.