■ First Eastern Bank, N. A., Respondent, v Lomar Contractors, Inc., et al., Defendants, and Roy Lobosco, Appellant. [654 NYS2d 172] —In an action to foreclose a mortgage on real property, the defendant Roy Lobosco appeals from an order of the Supreme Court, Orange County (Owen, J.), dated February 23, 1996, which denied his motion pursuant to CPLR 5015 (a) (4) to vacate so much of a judgment of the Supreme Court, Orange County, entered June 21, 1994, as was entered against him in the principal sum of $49,941.79.

Ordered that the order is reversed, on the law, with costs, the defendant Roy Lobosco's motion to vacate so much of the judgment of the Supreme Court, Orange County, entered June 21, 1994, as was entered against him in the principal sum of $49,941.79 is granted, and the judgment is modified accordingly.

After the subject premises were sold at public auction, the plaintiff moved pursuant to RPAPL 1371 for leave to enter a deficiency judgment against the defendants. There is no dispute that the defendant Roy Lobosco (hereinafter the appellant) was served with this motion, and failed to submit any opposition. Nevertheless, the Supreme Court denied the motion because the plaintiff failed to submit proof of filing of the Referee's report and a certificate of no objections. Thereafter, the plaintiff moved to renew, supplying the missing documentation. There is also no dispute that the appellant was not served with this renewal motion. Despite the fact that the appellant

was not served with the renewal motion, the court granted the motion and awarded the plaintiff the requested deficiency judgment against the appellant and others.

We find that the court lacked jurisdiction to render the judgment against the appellant, and thus, the appellant's motion to vacate so much of the judgment as was entered against him should have been granted (*see,* CPLR 5015 [a] [4]). RPAPL 1371 (2) requires that motions for leave to enter a deficiency judgment must be made on notice. In addition, CPLR 2221 (a) (1) provides that a motion for leave to renew shall be made on notice even if the prior order was made upon default. Thus, the appellant was entitled to notice of the renewal motion despite the fact that he failed to oppose the original motion. We reject the plaintiff's contention that the appellant's motion to vacate was untimely, as a motion to vacate based on lack of jurisdiction may be made at any time (*see, Ross v. Eveready Ins. Co.,* 156 AD2d 657; *McMullen v Arnone,* 79 AD2d 496). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.