■ CLARENCE DeGROOT, Appellant, v THOMAS FOTATO et al., Respondents. [691 NYS2d 86] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 12, 1998, as, upon granting his motion for leave to reargue a prior motion to strike the defendants' demand for a trial de novo, which was denied by order dated March 24, 1998, adhered to the original determination.

Ordered that the order is reversed insofar as appealed from, with costs, the motion to strike the defendants' demand for a trial de novo is granted, the order dated March 24, 1998, is vacated, and the matter is remitted to the Supreme Court, Westchester County, for the entry of judgment in accordance herewith.

The parties entered into a stipulation wherein they agreed to submit the matter to arbitration pursuant to 22 NYCRR part 28, and to forego any right to a trial de novo. After the arbitrator awarded the plaintiff $11,670 plus interest, the defendants filed a demand for a trial. Approximately four years later, no final judgment on the award had been entered by the clerk of the court in accordance with 22 NYCRR 28.11 (b). By order dated March 24, 1998, the Supreme Court denied the plaintiff's motion to strike the defendants' demand for a trial de novo, concluding that the matter was governed by CPLR article 75 rather than 22 NYCRR part 28, and that therefore the plaintiff's motion was untimely pursuant to CPLR 7510. The

court adhered to this determination in the order appealed from. We disagree.

Although the amount in controversy in this case exceeds the maximum imposed by 22 NYCRR 28.2 (b), which requires that all civil actions in which the recovery sought is $6,000 or less be submitted to compulsory arbitration, 22 NYCRR 28.2 (c) provides that upon stipulation, any civil action for a sum of money regardless of the amount in controversy may be arbitrated according to the provisions of 22 NYCRR part 28. Having chosen specifically to arbitrate under the provisions of 22 NYCRR part 28, the parties are bound by their agreement and the terms thereof.

Ordinarily, a party may, within 30 days of delivery of an award, demand a trial de novo or move to vacate the award (22 NYCRR 28.12, 28.13). Here, however, the parties expressly waived the right to a trial de novo. Accordingly, the plaintiff's motion should have been granted and the matter is remitted to the Supreme Court, Westchester County, for the entry of a final judgment on the award. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.