*179 OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Plaintiff brought the instant action demanding, in addition to interest, the sum of $3,226.71 for unpaid rent and attorney’s fees. In the court below, the matter was sent to arbitration (see, 22 NYCRR 28.2) and an arbitrator’s award was granted in plaintiff’s favor. Defendant thereafter failed to either demand a trial de novo or move to vacate the award (see, 22 NYCRR 28.12, 28.13). Plaintiff, on the other hand, omitted for more than a year and a half to apply to the court to have a judgment entered on the award.
The order of the court below denying defendant relief from the arbitrator’s award should not be disturbed.
CPLR 3405 has authorized the Chief Judge of the Court of Appeals to promulgate rules for the arbitration of claims seeking less than $6,000 in courts such as the District Court. This system of arbitration is governed in detail by the Rules of the Chief Judge embodied in 22 NYCRR part 28 and is distinct from the conventional, out-of-court arbitration governed by CPLR article 75 (Siegel, NY Prac § 585B, at 975 [3d ed]).
In contrast to the situation involving conventional arbitration, plaintiff in the case at bar was not required to bring a motion under CPLR 7510 to confirm the arbitrator’s award in order to have a judgment entered upon the award (id., at 977; Zampella v Plaza at Latham Assn., 69 AD2d 957, 958; see also, CPLR 3405; cf., Ross v Eveready Ins. Co., 156 AD2d 657, 658). The lapse of more than a year before the entry of the judgment, moreover, did not preclude its entry (DeGroot v Fotato, 261 AD2d 567). It was incumbent upon defendant, however, to demand a trial de novo within the prescribed 30-day (or 35-day, if served by mail) period in the event that .she was unsatisfied with the results of the arbitrator’s decision on its merits (see, 22 NYCRR 28.12; Chase v Scalici, 97 AD2d 25).
Floyd, P. J., Doyle and Winick, JJ., concur.