OPINION OF THE COURT
Jo Ann Friia, J.
Does the City Court have subject matter jurisdiction over a special proceeding to confirm an arbitrator’s award? A review *356 and comparison of the relevant provisions of the Uniform Court Acts demonstrates that the answer is no.
Procedure
The instant proceeding was commenced pursuant to CPLR 7510 to confirm the award of an arbitrator and enter judgment in the amount of $14,021.82. Respondent opposes the application and argues that the parties never had an agreement to arbitrate and that she was never served with a notice of intent. Although neither party has raised the issue of subject matter jurisdiction, the court will address the subject on its own motion (see Fry v Village of Tarrytown, 89 NY2d 714 [1997]).
Discussion
New York City Civil Court Act § 206 (b) and Uniform District Court Act § 206 (b) state that “[w]here a controversy has been duly arbitrated and an award made therein is for relief which is within the court’s jurisdiction, the court shall have jurisdiction of proceedings under CPLR §§ 7510 through 7514, relating to judicial recognition of such awards, which provisions shall be applicable thereto.”
Uniform City Court Act § 206 states that “[t]he court shall have jurisdiction to enter judgment on the award of arbitrators where the relief awarded is within the court’s jurisdiction, and the rules may provide systems of arbitration and conciliation of claims within the court’s jurisdiction.”[1]
The plain language of CCA 206 (b) and UDCA 206 (b) vests the Civil Court and District Court with subject matter jurisdiction to confirm, vacate or modify arbitration awards and enter judgment thereon. In contrast, UCCA 206 specifically states that the City Court only has jurisdiction to enter a judgment on the award (see 5 NY Jur 2d, Arbitration and Award § 216; 23A Carmody-Wait 2d § 141:237; but see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UCCA 206 [city courts have the power to entertain an application to confirm an already rendered award and enter judgment on it, as long as the subject matter of the award would otherwise be within the subject matter jurisdiction of the court]).
It is a long-standing principle that legislative intent is to be ascertained from the words and language used, and the statu *357 tory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 94). Further, the failure of the Legislature to include a matter within the scope of a statute may be construed as an indication that its exclusion was intended (McKinney’s Cons Laws of NY, Book 1, Statutes § 74). Applying the foregoing rules of interpretation, the omission of any reference in UCCA 206 regarding jurisdiction over a proceeding to confirm, vacate or modify an arbitrator’s award leads to the inescapable conclusion that the Legislature intended to exclude such matters from the statute. Indeed, when amending CCA 206 (b) and UDCA 206 (b) in 1965 to include jurisdiction over proceedings commenced under article 75 of the Civil Practice Law and Rules, the Legislature had every opportunity to include UCCA 206. Since the Legislature declined such opportunity, the court is constrained to interpret the statute according to its plain meaning.
Nor can it be said that the narrow language in UCCA 206 is sufficient to encompass the interrelated steps established in CPLR 7510 through 7514. While applications to confirm, vacate or modify an arbitrator’s award are interrelated, these procedural steps are uniquely distinct from entry of judgment. The court’s function on an application to confirm an arbitration award is not simply to rubber stamp the award; at the least, the court should scrutinize the award for finality and definiteness (Matter of Carty [Nationwide Ins. Co.], 149 AD2d 328 [1st Dept 1989]; see also Matter of Staklinski [Pyramid Elec. Co.], 6 NY2d 159, 167 [1959] [Burke, J., dissenting] [on a motion to confirm an (arbitration) award, the court does not sit as an administrative rubber stamp over an arbitrator’s determination, but rather as a court of equity applying equitable principles and enjoys a certain latitude of discretion]). By comparison, “[a] judgment is entered when, after it has been signed by the clerk, it is filed by him” (CPLR 5016 [a]). The “[e]ntry of judgment is the ministerial act of a clerk, . . . which is not altered by the circumstance that it is usually signed by the Justice of the court by whom the decision was made” (Cornell v Cornell, 7 NY2d 164, 168 [1959]).
Conclusion
The City Court is a court of limited jurisdiction which possesses only such authority as is specifically delegated to it by the New York State Constitution and statute (see Vano v Engert, NYLJ, Sept. 10, 1999, at 29, col 5 [White Plains City Ct]). It is *358 not the court’s role to question the wisdom of this legislation (see Branford House v Michetti, 187 AD2d 380 [1st Dept 1992], affd 81 NY2d 681 [1993]) or to speculate upon the supposed intent for the purpose of giving the statute a meaning not expressed therein (see Gillespie v Zittlosen, 60 NY 449 [1875]). Rather, it is the court’s responsibility to. interpret UCCA 206 in accordance with the well-established rules set forth above. In view of the foregoing, the court holds that it lacks subject matter jurisdiction to confirm an arbitrator’s award under UCCA 206.[2]
Proceeding dismissed sua sponte.

. Prior to a 1965 amendment (L 1965, chs 523, 962), CCA 206 (b) and UDCA 206 (b) had the identical language contained in the current CCA 206.

. The in-court arbitration rules embodied in 22 NYCRR part 28 are distinct from the conventional out-of-court arbitration process. Under part 28, a plaintiff need not commence a proceeding pursuant to CPLR 7510 in order to have a judgment entered upon an award (see Zampella v Plaza at Latham Assoc., 69 AD2d 957 [3d Dept 1979]; Nicholls Park Assoc, v Gillard, 188 Misc 2d 178 [App Term, 2d Dept 2001]).