OPINION OF THE COURT
Thomas A. Meldrim, J.
Background
Plaintiff moves the court by notice of petition and petition, pursuant to CPLR 7510, to confirm an arbitration award and enter judgment thereon. Plaintiff has submitted with its petition a printout confirming plaintiffs name change; a copy of the arbitration agreement, a notice of arbitration and claim; an affidavit of an employee of plaintiff in support of the petition; a UPS delivery notification, dated June 2, 2006; a notice of arbitration hearing, dated January 17, 2007; a copy of the arbitration procedures; and a copy of the arbitration award of $8,090.49, dated August 15, 2007, with affidavit of service, dated August 16, 2007.
Defendant has moved to dismiss the petition pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction.
Plaintiff submitted a memorandum in opposition to defendant’s motion, dated September 29, 2008.
Oral argument was heard October 6, 2008.
Decision
New York’s Uniform City Court Act § 206, pertaining to arbitration and conciliation, reads: “The court shall have jurisdiction to enter judgment on the award of arbitrators where the relief awarded is within the court’s jurisdiction, and the rules may provide systems of arbitration and conciliation of claims within the court’s jurisdiction” (emphasis added).
In contrast, the court acts for the Civil Court of the City of New York and district courts provides that those courts have jurisdiction involving an arbitration award, where relief is within the court’s jurisdiction, “under CPLR §§ 7510 through 7514, relating to judicial recognition of such awards, which provisions shall be applicable thereto.” (CCA 206 [b]; UDCA 206 [b].) Justice courts are given no authority in arbitration claims whatsoever (UJCA 206 [b]).
Based on the language of those four acts, defendant argues that UCCA 206 does not authorize city courts to entertain mo *450 tions to confirm arbitration awards; city courts are only authorized to enter judgment on such awards (emphasis added).
Plaintiff, however, asks the court to consider a 1963 Nassau County District Court case in which the district court statute pertaining to arbitration read just as UCCA 206 reads today, and the court in that matter determined it could consider a motion to confirm an arbitration award (D-Lion Co. v United Excavating & Paving, 41 Misc 2d 56 [1963]). Plaintiff argues further that the CPLR provides that the rules “shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” (CPLR 104.) The New York Civil Practice treatise suggests this provision “expresses the legislative intent that courts should not insist slavishly on strict compliance with all the technical procedural requirements of the CPLR in the absence of prejudice to one side or the other, when the irregularity can be corrected or ignored.” (1-104 Weinstein-Korn-Miller, NY Civ Prac 1i 104.00.)
Defendant cites MBNA Am. Bank v Coe (2 Misc 3d 355 [White Plains City Ct 2003]) in support of his argument. There the court construed the language of UCCA 206 to mean that all a city court can do in regard to an arbitration award is enter judgment and it cannot entertain an application to confirm such an award. Professor David D. Siegel asserts that, based on the facial language of the statutes, the White Plains City Court “makes its point” but “overlooks the background of UCCA § 206 and the caselaw on the counterpart UDCA § 206, on which it was based.” (143 Siegel’s Practice Review, Judge Holds City Court Can Only Enter Judgment on Arbitration Award, But Can’t Vacate or Modify It, at 3 [Dec. 2003].) Professor Siegel goes on to reference the D-Lion Co. case in support and argues that a reading of UCCA 206 according to the MBNA decision would require small arbitration awards to have to follow Supreme Court procedure, requiring costly filing fees and motion costs. Such a result, says Siegel, is inconsistent with the purpose of the lower courts (143 Siegel’s Practice Review, at 3).
The task before the court involves the “construction” of the statute, which is “a process for determining the meaning of statutes” and may be defined “as the drawing of conclusions with respect to subjects which lie beyond the direct expression of the text” (McKinney’s Cons Laws of NY, Book 1, Statutes § 71). “Construction” goes beyond “interpretation,” which, strictly speaking, is limited to an exploration of the written text, and may call in the aid of extrinsic considerations {id., *451 Comment, at 139, citing Bromley v Mollnar, 179 Misc 713 [1942]).
The primary consideration of a court in addressing the construction of statutes is to ascertain and give effect to the intention of the Legislature (Statutes § 92 [a]). It is not for the courts to sit in review of the discretion of the Legislature and courts may not substitute their judgment for that of the lawmaking body (Rosenplaenter v Roessle, 54 NY 262 [1873]). Generally, the Legislature’s intent is first sought from a literal reading of the statute, but “if the meaning is still not clear the intent may be ascertained from such facts and through such rules as may, in connection with the language, legitimately reveal it” (Statutes § 92 [b]).
It is true New York law states that a court “cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended” (Statutes § 74). But, it is also true that extrinsic and surrounding circumstances may be such that it can be argued that the failure to exclude something from a statute indicates an intent to include it (id., Comment, at 157). In other words, the failure of the Legislature to specify all matters in which an act applies does not necessarily warrant the conclusion that the Legislature intended their exclusion. The reverse is generally true, that is, if the Legislature did not intend an act to apply to a particular case, “it would have been easy ... to have said so.” (Id.) It is a sound argument that the Legislature would have used explicit language if its intention was to overturn a long-established rule of law or if a particular construction of a statute results in inconvenient, absurd, or other objectionable consequences (Seligman v Friedlander, 199 NY 373 [1910]; Matter of Virginia E.E. v Alberto S.P., 108 Misc 2d 565 [1981]).
Such is the case presently before the court. The fact that UCCA 206 is silent as to confirming an arbitration award does not automatically reflect an intention to deny city courts outside of New York City that authority. This court agrees with the reasoning of Professor Siegel and the D-Lion case. To find otherwise would be contrary to the purpose of the arbitration provisions of the CPLR. The process is meant to aid in the enforcement of an award, not provide an obstacle to it.
*452 The court finds, therefore, it does have jurisdiction to confirm an arbitration award within the monetary jurisdictional limits of city courts.